**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| ARKANSAS BLUE CROSS AND BLUE SHIELD, A MUTUAL INSURANCE COMPANY, and USABLE CORPORATION | PLAINTIFFS |
| v.    No. 4:03CV00662 JLH | |
| ST. VINCENT INFIRMARY MEDICAL CENTER; LITTLE ROCK CARDIOLOGY CLINIC, P.A.; LITTLE ROCK HMA, INC., d/b/a SOUTHWEST REGIONAL MEDICAL CENTER; and ATTORNEY GENERAL OF THE STATE OF ARKANSAS | DEFENDANTS |

**OPINION AND ORDER**

When this case was commenced in the summer of 2003, the complaint presented significant issues of federal law as to whether the Arkansas Patient Protection Act of 1995, Ark. Code Ann. § 23-99-201 et seq., popularly known as the "any willing provider" law, was preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.  The decision of the Eighth Circuit in *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897 (8th Cir. 2005), has disposed of all or nearly all of the claims asserted in the complaint and some of the claims asserted in the counterclaim.  Virtually the only claims that were not addressed by the Eighth Circuit in the 2005 *Prudential* decision are those asserted in the counterclaim for monetary damages pursuant to Ark. Code Ann. § 23-99-207 as it existed before the effective date of Act 960 of 2005. After carefully considering the law relating to the federal claims and this Court's responsibilities with respect to the state-law claims for monetary damages, the Court will dismiss with prejudice all claims arising under the Constitution and laws of the United States and will decline to exercise supplemental jurisdiction over the claims that arise under the laws of the State of Arkansas.

## I.

In 1995, Arkansas enacted the Patient Protection Act, Ark. Code Ann. § 23-99-201 et seq. That Act required a healthcare insurer to admit qualified healthcare providers who are willing to meet the terms and conditions of participation into the insurer's provider networks. Prudential and others sued in this Court to enjoin the enforcement of the Act. The Honorable James M. Moody held that the Patient Protection Act was preempted insofar as it related to ERISA plans. *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 964 F. Supp. 1285 (E.D. Ark. 1997). On appeal, the Eighth Circuit held that the Patient Protection Act was preempted in its entirety. *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr.*, 154 F.3d 812 (8th Cir. 1998). Following issuance of the Eighth Circuit mandate, on October 5, 1998, Judge Moody entered an order stating that the "Arkansas Patient Protection Act is preempted in its entirety and defendants are enjoined from enforcing the Arkansas Patient Protection Act in its entirety."

On April 2, 2003, the Supreme Court issued an opinion holding that Kentucky's any willing provider statute was not preempted by ERISA. *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 123 S. Ct. 1471, 155 L. Ed. 2d 468 (2003). Later in 2003, officers of St. Vincent Infirmary Medical Center, Little Rock Cardiology Clinic, P.A., and Southwest Regional Medical Center[1] (collectively, "the medical care providers") wrote separate letters to the President and Chief Operating Officer of Arkansas Blue Cross and Blue Shield requesting to be allowed to participate in that company's network of preferred providers pursuant to the Arkansas Patient Protection Act.

---

[1] Southwest Regional Medical Center is a fictitious name registered to Little Rock HMA, Inc., an Arkansas corporation. Little Rock HMA, Inc., identified itself in the answer and counterclaim as "Little Rock H.M.A., Inc., d/b/a Southwest Regional Medical Center." The clerk will be directed to amend the style of the case to reflect the true name of that entity.

Each of the three letters cited *Kentucky Association of Health Plans, Inc. v. Miller*. Blue Cross and USAble, a subsidiary of Blue Cross, responded by filing the complaint that commenced this action on August 19, 2003. The medical care providers filed counterclaims asking for declaratory and injunctive relief, as well as damages pursuant to Ark. Code Ann. § 23-99-207. On February 12, 2004, Judge Moody entered an order in the *Prudential* case that dissolved the permanent injunction barring enforcement of the Patient Protection Act. On March 9, 2004, Judge Moody stayed his order dissolving the permanent injunction pending appeal. On June 29, 2005, the Eighth Circuit entered its opinion affirming Judge Moody's decision to dissolve the injunction. *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr.*, 413 F.3d 897 (8th Cir. 2005). On August 2, 2005, Judge Moody lifted the injunction against enforcement of the Patient Protection Act except with regard to self-funded ERISA plans and except for the civil penalties provisions of § 23-99-207 as far as any action that could have been brought under ERISA § 502.

During the 2005 regular session, the Arkansas General Assembly enacted Act 960 of 2005, which amended Ark. Code Ann. § 23-99-207 by eliminating that statute's provision for monetary damages. As amended, § 23-99-207 permits a provider aggrieved by a violation of the Patient Protection Act to sue only for injunctive relief, not for damages.

The present action was stayed on April 2, 2004, pending the decision of the Eighth Circuit in the *Prudential* case. The stay was lifted on October 14, 2005.

The parties[2] have now filed cross-motions for judgment on the pleadings. The medical care

---

[2] On January 5, 2006, Blue Cross and USAble stipulated with the State of Arkansas that the State should be dismissed without prejudice. However, the stipulation was not signed by all parties. *See* Fed. R. Civ. P. 41(a)(1)(ii) (after answer has been filed, a stipulation of dismissal must be signed by "all parties who have appeared in the action"); *Alholm v. Am. S.S. Co.*, 167 F.R.D. 75, 79 (D. Minn. 1996). The State has not participated in the briefing on the motions for

providers have moved for judgment on the pleadings as to all of the claims of Blue Cross and USAble. The medical care providers have also moved for judgment on the pleadings on their counterclaims at least insofar as the counterclaims seek a determination that they are entitled to damages pursuant to Ark. Code Ann. § 23-99-207. Blue Cross and USAble have moved for partial judgment on the pleadings in which they argue that the damage claims in the counterclaims are barred by the injunction that was enforced in the *Prudential* case from 1998 until 2005 and by Act 960 of 2005.

**II.**

The complaint filed by Blue Cross and USAble has five counts. Count I seeks declaratory relief based on *res judicata* and the final judgment and permanent injunction in the *Prudential* case. Count II seeks a declaration that the Patient Protection Act of 1995 was impliedly repealed by the Freedom of Choice Act of 1999. Count III seeks a declaration that enforcement of the Patient Protection Act of 1995 would violate the Due Process Clause of the Fourteenth Amendment. Count IV seeks a declaration that the Patient Protection Act of 1995 is entirely preempted by ERISA. Count V seeks a declaration that the Patient Protection Act does not apply to the plans offered by Blue Cross and USAble.

The medical care providers have filed a joint motion and brief stating reasons for their assertion that they are entitled to judgment on the pleadings with respect to each of these counts, and they have cited legal authority for their arguments with respect to each of the counts. In response, Blue Cross and USAble argue only that the Eighth Circuit expressly rejected the argument that self-

---

judgment on the pleadings. The Court will treat the stipulation as a motion filed pursuant to Rule 41(a)(2) and will grant the motion.

funded ERISA plans were subject to the Patient Protection Act, and that in the ensuing district court order Judge Moody took care to preserve the injunction as to "(1) direct or indirect application to self-funded ERISA plans and (2) the civil penalties provision in Ark. Code Ann. § 23-99-207 as far as any cause of action that could have been brought under ERISA § 502 [29 U.S.C. § 1132]." Because Blue Cross and USAble have not objected to the medical care providers' motion for judgment on the pleadings as to claims other than those stated in the preceding sentence, the medical care providers' motion will be granted.  Without objection, judgment on the pleadings will be granted as to all claims asserted in the complaint of Blue Cross and USAble except as to whether self-funded plans are subject to ERISA and whether the civil penalties provision of Ark. Code Ann. § 23-99-207 are preempted as far as claims that could have been brought under ERISA § 502.

As to whether the Patient Protection Act may be enforced against self-insured plans, the medical care providers reply that there is not now and never has been a dispute between these parties as to whether the Patient Protection Act applies to self-funded plans or claims cognizable under ERISA § 502. As to whether the Patient Protection Act applies to self-funded plans, the parties agree that it does not.  Hence, there is no case or controversy to be adjudicated.  In the absence of a case or controversy, this Court need not and should not proceed. *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 73 S. Ct. 236, 97 L. Ed. 291 (1952); *State of Mo. ex rel. Mo. Highway & Transp. Comm'n v. Cuffley*, 112 F.3d 1332 (1997).

As to the preemption of the civil penalties provision in Ark. Code Ann. § 23-99-207 as far as any cause of action that could have been brought under ERISA § 502, even if the parties are not in agreement, the medical care providers are entitled to judgment on the pleadings as to this issue. ERISA § 502 provides for civil actions under defined circumstances brought by a participant, a

beneficiary, a fiduciary, or the Secretary of Labor. The medical care providers fall into none of those categories. The medical care providers are not authorized by ERISA § 502 to bring a civil action. Consequently, they are entitled to judgment on the pleadings as to the claim of Blue Cross and USAble that the Court should declare that the medical care providers' claims for damages are preempted by ERISA § 502.

In summary, the medical care providers are entitled to judgment as a matter of law on all five counts in the complaint of Blue Cross and USAble except insofar as Blue Cross and USAble request a declaration that the Patient Protection Act may not be enforced as to self-funded plans, and as to that claim, there is no case or controversy to be adjudicated. Accordingly, the complaint of Blue Cross and USAble will be dismissed with prejudice, except as to its claim for a declaration that the Patient Protection Act does not apply to self-funded plans; and as to that claim the complaint will be dismissed without prejudice.

### III.

The medical care providers filed substantially identical but separate counterclaims containing two counts. Count I seeks a declaration that the Patient Protection Act is not preempted by ERISA and an injunction barring Blue Cross and USAble from continuing to deny the medical care providers' statutory right to participate in their preferred provider networks. Count II seeks compensatory damages pursuant to Ark. Code Ann. § 23-99-207, as it existed before it was amended by Act 960 of 2005.

As to Count I, the medical care providers have stated in their moving papers that Blue Cross and USAble now permit them to participate in the preferred provider networks, and they concede that injunctive relief is not needed. For the same reason, declaratory relief is not needed or

appropriate. There is no case or controversy. *Wycoff*, *supra*; *Cuffley*, *supra*. Count I of the counterclaims is moot and will be dismissed without prejudice.

Only Count II remains. Count II arises under Arkansas law, not under the Constitution or laws of the United States. This Court has supplemental jurisdiction over Count II of the counterclaims pursuant to 28 U.S.C. § 1367(a). Twenty-eight U.S.C. § 1367(c) provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> > (1) the claim raises a novel or complex issue of State law,
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The claims asserted in Count II raise novel or complex issues of state law, and this Court has dismissed all claims over which it has original jurisdiction. Although Blue Cross and USAble assert some arguments based on federal law as defenses to Count II, those arguments do not create an independent basis for original jurisdiction. WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 3566. Moreover, the state-law issues substantially predominate over those federal-law arguments.

The central legal issue with respect to Count II is whether the medical care providers' claims for damages survive the enactment of Act 960 of 2005. Blue Cross and USAble also contend that principles of equity would bar a claim for damages against Blue Cross and USAble for noncompliance with the Patient Protection Act while its enforcement was enjoined. Both issues are issues of state law. No published decision of an Arkansas court is directly on point as to either issue.

Thus, the counterclaims are based on state law; the more substantial defenses are based on state law; and these claims and defenses present issues that are in some measure novel or complex. Although Blue Cross and USAble argue that to permit a claim for damages for violation of the Patient Protection Act during the time that the enforcement of the Act was enjoined would violate Rule 60(b)(5) of the Federal Rules of Civil Procedure and their substantive due process rights under the Fourteenth Amendment, those arguments are tenuous and do not offset the considerations in favor of declining to exercise supplemental jurisdiction.

In short, Count II of the counterclaims is based on Arkansas law; the predominant defenses are based on Arkansas law; all of the parties are entities created under the laws of the State of Arkansas; all of the parties have their principal places of business in Arkansas; and all of the claims that arose under the Constitution and laws of the United States have been dismissed. What remains is a claim for monetary damages under Arkansas law brought by Arkansans against Arkansans. These claims raise novel or complex issues of Arkansas law, specifically, whether Act 960 of 2005 extinguished the medical care providers' claims for damages and whether the principles of equity would preclude an award of damages against Blue Cross and USAble for the period of time during which the injunction in the *Prudential* case was in effect. Those issues are not only issues of Arkansas law, they also involve significant issues of Arkansas public policy. In the current posture of this case, those issues of Arkansas law are far and away the predominant issues. Out of respect for the principles of federalism and for the courts of the State of Arkansas, this Court will exercise its discretion under 28 U.S.C. § 1367(c) to decline to exercise supplemental jurisdiction with respect to the claims for monetary damages asserted by these Arkansas medical care providers against these Arkansas insurers. *Cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98

L. Ed. 2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Condor Corp v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) (after dismissing the federal claims, the district court should have exercised its discretion to decline pendent jurisdiction because of "the necessity to provide great deference and comity to state court forums to decide issues involving state law questions"). Therefore, Count II of the counterclaims will be dismissed without prejudice.

## CONCLUSION

Plaintiffs' motion to dismiss its claims against the State of Arkansas without prejudice is granted. Document #37. Plaintiffs' motion for partial judgment on the pleadings is denied. Document #38. Defendants'/counterclaimants' joint motion for judgment on the pleadings is granted in part and denied in part. Document #40. All claims asserted by Arkansas Blue Cross and Blue Shield, A Mutual Insurance Company, and USAble Corporation are dismissed with prejudice except their claim for a declaration that the Patient Protection Act does not apply to self-funded plans, and as to that claim the complaint is dismissed without prejudice. Count I of the counterclaims asserted by St. Vincent Infirmary Medical Center, Little Rock Cardiology Clinic, P.A., and Little Rock HMA, Inc. d/b/a Southwest Regional Medical Center is dismissed without prejudice because the claims asserted in that count are moot, and there is no case or controversy to be decided. This Court declines to exercise supplemental jurisdiction over Count II of the counterclaims of St. Vincent Infirmary Medical Center, Little Rock Cardiology Clinic, P.A., and Little Rock HMA, Inc. d/b/a Southwest Regional Medical Center, so Count II is dismissed without prejudice.

IT IS SO ORDERED this 27th day of March, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE